IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
AUG 26 2019
David J. Bradley, Clerk of Court

IN RE, §
§
DARWIN FOSTER §    CIVIL CAUSE No.
§
§

## WRIT OF MANDAMUS

COMES NOW, DARWIN FOSTER, petitioner in Prose, in necessity and hereby moves this court to issue a Writ of Mandamus ordering the 183rd District Court of HARRIS COUNTY (HOUSTON) to preparation of Reporters Records, Trial Transcripts, and Court Clerk Records in Cause No. 1499428. Petitioner hereby designates that the following be included in the requested Records:

1. Testimony of all witnesses, heard in and outside the jurys presence, including objections and questions of counsel and the ruling and remarks of the court thereon;
2. Voir Dire of jury venire, including objections of counsel, challenges for cause, premepetory strikes, the ruling and remarks of the court thereon;
3. Arguments and Opening statements, closing statements of counsel, objections of counsel, and the ruling and remarks of the court thereon;
4. All matters heard outside the presence of the jury; including pretrial, trial, and post-trial hearings, charge confrences, bench confrences, objections, rulings and remarks of the court there on;
5. All bills of exception and testimony thereon;
6. All exhibits, or evidence introduced, Discovery and relevant exculpatory evidence beneficial to petitioner there on;
7. Evidence not presented in trial that may have the potential to acquit petitioner.

Petitioner avers that judgment is due pursuant to Law and Rule provided herein.

1

IN Support petitioner shows this court the following to writ:

## I.

### JURISDICTIONAL STATEMENT

The jurisdiction of this court is invoked pursuant to Federal Rules of Appellate Procedure, Rule 21 - governing Writ of Mandamus, and the United States Constitution guarantee of Due Process of the Fourteenth (14th) Amendment, Equal Protection of the Law. Petitioner hereby avers that he is currently in custody of the STATE OF TEXAS, held in confinement at the William P. Clements Jr. ID Unit in POTTER COUNTY (AMARILLO) TEXAS, and in pro se due to his financial disability, request this court to liberally construe his pleadings in light of SMITH V. BENNETT, 365 U.S. 708, 81 S.Ct. 8958 (1961), LANE v BROWN, 81.S.Ct. 768 (1963) and GRIFFIN V. ILLINOIS, 351 U.S. 12, 76 S.Ct. 585 (1956).

## II.

### STATEMENT OF CASE

1. On or about April 02, 2018, petitioner wrote appointed Appellate Counsel requesting a sufficient record of the trial proceedings. Appellate Counsel refused to respond and adhere to petitioners repeated request.
2. On or about July 24, 2018 petitioner wrote to the STATE BAR OF TEXAS requesting the organizations assistance to communicate to appellate counsel, to respond to petitioners request for the trial transcripts and appellate record.
3. On or about April 8th, 2019 petitioner petitioned the Court of Criminal Appeals requesting a free, sufficient, complete copy of the appellate record.
4. On or about April 11, 2019 appointed appellate counsel contacted petitioner only to inform him of the First (1st) District Court of Appeals affirming his conviction and his right to file a Petition for Discretionary Review (PDR), no mention or response to request for appellate record.

II.

5. On or about April 16, 2019. Petitioner again wrote appointed appellate counsel requesting counsel adhere to his request and send a sufficient and complete copy of the appellate record.

6. On or about May 13, 2019 the Court of Criminal Appeals denied petitioners request a filed MOTION requesting a free copy of the appellate record.

7. On or about June 26, 2019 Petitioner petitioned through motion, the District Clerks office of HARRIS COUNTY, the 183rd District Court, the 1st District Court of Appeals in HARRIS COUNTY, the HARRIS COUNTY DISTRICT ATTORNEYS office, and the Public defenders office a petition requesting a free appellate record, to NO AVAIL, with no sucess.

Here now, petitioner moves this court to intervene and order the 183rd District Court in compliance to U.S. Constitution Fifth Amendment, Due Process and Equal protection of the law, by allowing the petitioner access to the courts, where the "constitution and rules of procedure recognize that our courts must be open to all with legitimate disputes, not just those who can afford to pay the fees to get in."
GRIFFIN INDUST. INC. v. Thirteenth Court of Appeals, 934 sw2d 349, 353 (1996)

III.

## ISSUES PRESENTED

Petitioner hereby avers the Court of Criminal Appeals abused its discretion and committed plain error by depriving petitioner of his constitutional rights, access to the courts. Petitioner is an indigent prisoner held in custody of the state by virtue of a conviction rendered by the 183rd District Court of HARRIS COUNTY where petitioner receives no guaranteed monies, pension, or income to pay the cost associated with amassing all records necessary to construct a review of said conviction, in attempt to making a showing of reversible error or challenging the legality of his conviction in hopes of obtaining liberty.

The petitioner has repeatedly requested Trial Transcripts, Court Clerk Records, Reporters Records and relevant appellate records from appointed Appellate Counsel Juan Contreras Jr. and the highest court in Texas — (state level) Court of Criminal Appeals. Petitioners transcripts have evidence that unresolved uncontested issues that question the legality of his confinement exist.

## IV.

### REASONS WHY THE WRIT SHOULD BE ISSUED

Petitioner has no other remedy or recourse of law in which to compel the 183rd District Court to provide the needed transcripts and appellate record. The Court of Criminal Appeals took judicial notice and denied petitioners request providing no reason or explanation, nor has the court provided petitioner direction in how to obtain the appellate record and transcripts by alternative means. IN DE LA VEGA V. TACO CABANA, 974 SW2d 152, 154 (Tex.App.-SA 1998) the courts discussed,

> Indigent appellate who appeals a civil or criminal trial court order denying him a free suficient copy of Court Reporters Record..... to which he is Constitutionally entitled under the Due Process and Equal Protection Clause......

The court went on to held:

> "Employee was constitutionally entitled to free Reporters Record of hearing at which district court found her appeal to be frivolous."

SO ORDERED —

See DELAVEGA Supra. @ 154

Petitioners "Writ of Mandamus is an order directing a public official or public body to perform a duty exacted by law."
U.S. v. DENSON 603 F3d 1143, 1146 (5th Cir-1979)
IN RE CORRUGATED CONTAINER ANTITRUST LITIG. MEAD CORP, 614 F2d 958, 961-962 (5th Cir-1980) has established petitioners Writ of Mandamus "is an extraordinary remedy for extraordinary causes." To obtain the Writ, petitioner has to show "that no other adequate means exist to attain the requested relief," and his rights to issuance of the Writ is clear and indisputable. Petitioner has demonstrated the same above, and has no reasonable adequate remedy to law.

IV

WHEREFORE Now, above premises considered, the petitioner moves this Court to issue the filed Writ of Mandamus directing the 183rd District Court of HARRIS COUNTY (HOUSTON) to issue petitioner a suficient and complete copy of the appellate record, trial transcripts, Court Clerk Records, Reporters Records and any relevant appellate records.

Respectfully Submitted,

_____
DARWIN FOSTER #2170593

BEFORE ME, the undersigned authority DARWIN FOSTER, personally appeared and after being duly sworn, states under oath, by penalty of perjury the information contained in the following instrument is TRUE AND CORRECT.

IN WITNESS, thereof, here unto my hands executed on this 16th day of August, year of 2019.

Signed:

_____
DARWIN FOSTER #2170593

V.