# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DARWIN BERNARD FOSTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3292 |
| | § | |
| 183RD DISTRICT COURT, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se*, filed this petition for a writ of mandamus against the 183rd District Court of Harris County, Texas. Petitioner asks this Court to order respondent to provide him a free copy of the transcripts and records regarding his 2017 conviction and life sentence for continued sexual abuse of a child. He acknowledges that his appointed counsel was provided the record on direct appeal, and that his conviction was affirmed on appeal. Public online state court records show that the Texas Court of Criminal Appeals refused discretionary review on July 24, 2019, and that the state courts denied his *pro se* motions for a free copy of his transcripts and records.

Under the federal mandamus statute, district courts only have jurisdiction to compel action from federal officers and employees, not their state counterparts. Because petitioner is asking the Court to impermissibly order a state agency or employee to perform certain actions, his petition for mandamus relief is DISMISSED FOR LACK OF JURISDICTION.

Petitioner further challenges the validity of his state conviction and sentence through a purported petition for writ of error coram nobis. However, a writ of coram nobis "can only issue to aid the jurisdiction of the court in which the conviction was had." *Back v. Amarillo Police Dep't*, 673 F. App'x 458, 458 (5th Cir. 2017). It is "well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." *Id.* Petitioner's petition for writ of error coram nobis is DISMISSED FOR LACK OF JURISDICTION. The Court declines to construe the petition as a section 2254 habeas petition challenging the constitutionality of petitioner's conviction, as he has not exhausted his claims through state court habeas proceedings. *See* § 2254(b)(1)(A). The dismissal in this lawsuit does not bar petitioner's filing of a timely section 2254 habeas petition following proper exhaustion in the state courts.

This lawsuit is DISMISSED FOR LACK OF JURISDICTION. Any and all pending motions are DENIED AS MOOT. To any extent necessary, a certificate of appealability is DENIED.

Signed at Houston, Texas on September 2, 2019.

Gray H. Miller
Senior United States District Judge